Gerald T. McCOURTNEY, Plaintiff,

v.

McKENCHNIE INVESTMENTS, INC., et al., Defendants.

Civil No. 4–96–527.

United States District Court, D. Minnesota.

Sept. 29, 1997.

---

**1260**

John F. Bonner, III, Malkerson, Gilliland, Martin, LLP., Minneapolis, MN, for Gerald T. McCourtney.

Stephen P. Lucke, Matthew E. Klein, Dorsey & Whitney, Minneapolis, MN, for Paul Revere Life Insurance Company.

Samuel L. Hanson, Briggs & Morgan, Minneapolis, MN, Gordon Didier, Birmingham, MI, Bruce L. Sendek, Detroit, MI, for McKechnie Inv., Inc., Long Term Disability Benefits, McKechnie Inv., Inc., McCourtney Plastics, Inc., Paul Revere Life Ins. Co.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT PAUL REVERE LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

TUNHEIM, District Judge.

Plaintiff Gerald McCourtney brings claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*, for failure to pay disability benefits. Defendant Paul Revere Life Insurance Company (Paul Revere) denied plaintiff long term disability benefits because he was no longer a "full-time employee" under the Plan at the time. The matter is before the Court on Paul Revere's motion for summary judgment.[1] For the reasons set forth below, the Court grants Paul Revere's motion.

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under that rule:

[Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering Paul Revere's motion for summary judgment, the facts are viewed in the light most favorable to McCourtney.

### BACKGROUND

Plaintiff was the President, and later the Executive Vice–President of defendant McCourtney Plastics, Incorporated (MPI). This lad been a family business which plaintiff owned for many years, but in 1988 he sold it to defendant McKechnie Investments, Inc. (McKechnie). Plaintiff is a beneficiary of McKechnie's ERISA welfare benefit plan, defendant McKechnie Investment, Inc., Long Term Disability Benefits (the Plan). The Plan was funded at least in part through insurance issued by the claims administrator, Paul Revere.

A 1990 agreement provided that plaintiff would continue full-time employment as President of MPI through July 31, 1995. Plaintiff began experiencing heart trouble in 1981, and by 1992 and 1993 his symptoms worsened. In February 1993 he informed McKechnie that he intended to retire from his position. On June 4, 1993, plaintiff distributed a memorandum to all employees of MPI announcing that he would step down from the position as president of MPI and assume new responsibilities with McKechnie on August 1, 1993, and that this would "be the final step in my plans to retire."

Meanwhile, plaintiff negotiated with McKechnie with the goal of continuing to work until he vested in stock options coming

---

1. The other defendants are not involved in this motion. Thus, granting this motion does not resolve all claims in the case.

due in the autumn of 1993. The parties reached a new Employment Agreement which provided plaintiff a new position of Executive Vice President of McKechnie as "an opportunity to make a transition to retirement." The Employment Agreement specified that this was a half-time position. The letter accompanying the Employment Agreement informed plaintiff that his employment would "be considered half-time from 1st August 1993 until 31st July 1994."

Plaintiff stepped down from the presidency of MPI on July 31, 1993 and became Executive Vice President of McKechnie the next day. He worked offsite less than twenty hours per week. By November 1, 1993, plaintiff realized that he had accrued so much vacation that he could simply take vacation from that date until the expiration of his employment agreement. Plaintiff ceased working as of November 1, 1993.

Within the week, plaintiff suffered a myocardial infarction. Plaintiff was hospitalized for treatment and subsequently released. Physicians at the Mayo Clinic performed an exercise test and established that plaintiff could perform sedentary work. Nonetheless, plaintiff did not return to work. On January 28, 1994, he filed a claim for total disability benefits under the Plan, along with an Attending Physician's Statement of Disability.

To participate in the Plan, an employee mast work at least thirty hours per week. To qualify for total disability a participant must show that: (1) sickness or injury prevents him from performing the important duties of his occupation; (2) he is receiving Doctor's Care (unless this would be of no benefit); and (3) he does not work at all.

Paul Revere conducted an investigation into the claim. It reviewed plaintiff's claim, his medical records, and his description of his occupation. Paul Revere obtained a statement of the claim from McKechnie and sent field investigators to meet with officers of MPI and McKechnie.

Paul Revere denied the claim on January 3, 1994 on the grounds that plaintiff had ceased to be a full-time employee as of August 1, 1993 and that he could perform the important duties of his position as Executive Vice President. Plaintiff subsequently exhausted his administrative appeal rights without success. ˙

## ANALYSIS

■ The parties contest the degree of deference the Court should give to the decision of Paul Revere. Unless a plan gives its administrator or fiduciary discretionary authority to interpret the plan, a court must review an interpretation of a plan *de novo;* however, where a plan provides for discretion, a court must defer to the administrator's interpretation unless it has abused its discretion. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111–12, 109 S.Ct. 948, 954–55, 103 L.Ed.2d 80 (1989) *(Bruch); Donaho v. FMC Corp.,* 74 F.3d 894, 898 (8th Cir.1996). "[T]he proper inquiry is whether the plan administrator's decision was reasonable; *i.e.,* supported by substantial evidence." *Id.* at 898–99. Where an ERISA plan grants an administrator discretion, the Court may not reject an administrator's decision if a reasonable mind would find that the decision was adequately supported by the evidence on the record. *Id.* at 900. However, the Court may overturn the interpretation of the plan administrator if there is bad faith or a conflict of interest, or if the decision is without reason, unsupported by substantial evidence, or erroneous as a matter of law. *Id.*

In determining whether an administrator's interpretation of a plan is reasonable, courts consider whether it is consistent with the goals of the plan, whether it renders any language in the plan meaningless or internally inconsistent, whether it interprets the words at issue consistently, whether it conflicts with the substantive or procedural requirements of ERISA, and whether it is contrary to the clear language of the plan. *See Finley v. Special Agents Mut. Ben. Ass'n, Inc.,* 957 F.2d 617, 621 (8th Cir.1992) These factors govern plan interpretation; where an administrator vested with discretion evaluates facts to determine the plan's application in a particular case, the substantial evidence test governs judicial review. *Donaho,* 74 F.3d at 899—901 n. 9.

The 1991 version of the Plan in this case did not contain language identifying Paul Revere as a fiduciary or expressly granting it discretion to decide claims. However, such a

provision was added to the Plan, effective November 1, 1993. As of that date, the policy gives Paul Revere "the full, final, conclusive and binding power to construe and interpret the policy under the plan as may be necessary in order to make claims determinations." The facts relevant to this case straddle the November 1, 1993 effective date of this change.

Nonetheless, Paul Revere argues that, even in the absence of language granting it discretion, fact-based benefits determinations are reviewed according to a deferential standard. The United States Courts of Appeals are divided on the issue,[2] and the Eighth Circuit has addressed it only in *dicta*.

In a case where a plan granted the administrator discretion, the Eighth Circuit noted that this permitted it to avoid the issue of whether the *de novo* or deferential standard or review applies to a trustee's fact-based benefits determination in the absence of plan language providing that such determinations are discretionary. *See Cox v. Mid–America Dairymen, Inc.,* 965 F.2d 569, 571 n. 2 (8th Cir.1992). Nonetheless, the court observed that "our circuit has apparently sided with those adopting the deferential standard of review." *Id. Cox,* in turn, relies upon *Oldenburger v. Central States, S.E. & S.W. Areas Teamster Pension Fund,* 934 F.2d 171, 173 (8th Cir.1991), which also included an ERISA plan which gave the trustees discretion to interpret the plan.

The dicta in *Cox* is helpful in suggesting the likely future direction of the Eighth Circuit on the issue. More importantly, the Court is persuaded by the reasoning of the Fifth Circuit in *Pierre* that deferential review of factual determinations is appropriate even in the absence of plan language specifying that the administrator has discretion. That court noted that *Bruch* instructs the courts to borrow standards for ERISA from the common law of trusts, and that the principles of trust law grant trustees some inherent discretion to perform functions that are " 'necessary and appropriate' to the daily and routine administration of plans." *Pierre* at 1558 (citing The Restatement (II) of Trusts

§ 186(b)). Federal courts review the actions of a trustee with inherent discretion under an abuse of discretion standard. *Id.* at 1562. This is the appropriate level of deference for the fact determinations of an ERISA administrator, regardless of the lack of specific language in the plan granting the administrator discretion regarding such fact findings.

■ The Court has carefully reviewed the record and concludes that Paul Revere did not abuse its discretion in finding that plaintiff was not eligible for total disability benefits. Substantial evidence in the record amply supports the finding that he was no longer a full-time employee on the date he claims he became disabled, and substantial evidence in the record also fully supports the finding that plaintiff was capable of performing the important functions of his position.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Paul Revere's motion for summary judgment [Docket No. 18] is **GRANTED**.

---

**2.** *Compare Luby v. Teamsters Health, Welfare and Pension Trust Funds,* 944 F.2d 1176 (3rd Cir. 1991) (reviewing fact findings of plan administrator *de novo* ); *Reinking v. Philadelphia American Life Ins. Co.,* 910 F.2d 1210 (4th Cir.1990) (reviewing *de novo* ); *Pierre v. Connecticut General Life Ins. Co.,* 932 F.2d 1552 (5th Cir.1991) (applying abuse of discretion standard).